345



OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3678
Re: The taxation of mineral
interests in property.

We are in receipt of your letter in which you request the opinion of this department upon the facts set out therein as follows:

"The 34,631-acre Chapman Ranch in Nueces County was divided equally among six heirs, except the mineral interest was pooled by an assignment and each retained an undivided one-sixth interest in the minerals in and under the entire acreage. There was no consideration for this assignment of mineral interest. When the assignment of this mineral interest was placed of record the Tax Assessor-Collector rendered the same for taxes and the mineral interest in this estate now appears on the delinquent tax rolls of Nueces County showing the taxes to be delinquent and unpaid. The question has been presented to this department as to whether this mineral interest is a proper taxable item. I shall thank you to advise us in the premises."

Article 7145 of the Revised Civil Statutes provides as follows:

"All property, real, personal or mixed, except such as may be hereinafter expressly exempted, is subject to taxation, and the same shall be rendered and listed as herein prescribed."

Honorable George H. Sheppard, Page 2

Article 7146 of the Revised Civil Statutes provides as follows:

"Real property for the purpose of taxation, shall be construed to include the land itself, whether laid out in town lots or otherwise, and all buildings, structures and improvements, or other fixtures of whatsoever kind thereon, and all the rights and privileges belonging or in any wise appertaining thereto, and all mines, minerals, quarries and fossils in and under the same."

Unquestionably the mineral interest in land is a proper subject of taxation. The question in your case, however, concerns whether or not the mineral interest in the described property under the described circumstances was a proper subject of taxation separate and apart from the taxes assessed against the land itself. Under the facts each one of the six heirs assigned the mineral interest in his parcel of the property to a common pool and each one of the heirs retained an undivided one-sixth interest in said pool. We think each of the heirs has severed the mineral interest in his land from the surface interest in the land. Had there been no such severance each of the heirs would have been entitled to the surface rights in his own land together with all the mineral interest in his own land. However, under the facts submitted, each of the heirs has severed the mineral interest in his land and assigned it to a pool in which he has taken an undivided one-sixth interest.

The applicable rule of law was announced by the Court of Civil Appeals of Texas in the case of State vs. Downman, 134 S. W. 787, application for writ of error denied by the Supreme Court. The Court stated as follows:

"We think it is clear under the authorities that ores and minerals contained in land are property, and that the same, by proper conveyance, can be severed from the land by the owner thereof, and when so severed the same become the subject of taxation, separate and apart from the

Honorable George H. Sheppard, Page 3

land itself. One party may own the surface es-
tate and another the minerals or mineral rights
in said land; and, when so owned separately,
each are subject to be taxed for their respec-
tive properties in the land."

The Supreme Court of Texas in the case of The
Texas Company vs. Daugherty, 176 S. W. 717, in discussing
cases from other jurisdictions on this same point stated as
follows:

"They plainly announce that the conveyance
of such minerals in place, with a right to the
use of the land for their extraction from the
earth which may prove, under the instrument, of
unlimited duration, creates a freehold interest
in the land itself; and the last-named decision
as clearly rules that such interest is taxable
as realty and against the person who owns and
may enjoy it.

" * * *

"It is our conclusion that these instru-
ments had the effect to confer upon the plain-
tiff in error an interest in the several tracts
of land described, the value of which was as-
sessable against it for taxation."

The most often cited case on this proposition is
the Supreme Court of Texas case of Hager vs. Stakes, 294 S.W.
835. The Court stated as follows:

"First. That minerals in place are real-
ty, and as such are subject to ownership, sever-
ance, and sale, as settled by the decisions in
Texas Co. v. Daugherty, 107 Tex. 234, 176 S. W.
717, L. R. A. 1917F, 989, and Stephens County v.
Mid-Kansas Oil & Gas Co., 113 Texas 160, 254
S. W. 290, 29 A. L. R. 566.

"Second. That a severance may be accomplished by means of a conveyance of the minerals or by means of an exception or reservation in a conveyance, as clearly pointed out in the opinion of Chief Justice Cureton in Humphreys-Mexia Co. v. Gammon, 113 Tex. 256; 254, S. W. 296, 29 L. R. A. 607, and in the cases there cited.

"Fifth. Real estate is ordinarily taxed as a unit; yet, where there have been severances by conveyance, exception, or reservation, so that one portion of the realty belongs to one person and other portions to others, each owner should pay taxes under proper assessment against him of the portion owned by him. The fact that a portion may consist of minerals or of a fractional interest therein makes no difference, as outlined in State v. Downman (Tex. Civ. App.) 134 S. W. 795, and Downman v. Texas, 231 U. S. 356, 357, 34 S. Ct. 62, 58 L. Ed. 264.

"Sixth. The Texas Constitution and statutes leave no room for doubt that all property of every kind is subject to taxation, and, as long as such property consists of minerals in place or fractions of same, the taxes should be assessed and collected thereunder as on any other species of real estate.

"We answer to question No. 4 that it is utterly immaterial whether an interest in minerals in place belongs to the original lessor or to his assign; the interest is taxable as real property.

"We answer to question No. 5 that the interests of the lessors or of their assigns in the minerals involved in the leases set out in the certificate are taxable in Orange county, where the lands are situated."

It is the opinion of this department that under the facts submitted the mineral interest in the Chapman Ranch in Nueces County was properly placed on the tax rolls of Nueces County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Assistant

APPROVED JUL 8, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BG:ej



APPROVED
OPINION
COMMITTEE